Brinkerhoff, J.
The “ act directing the mode of proceeding ¡in chancery,” of March 14, 1831, provides, in its fifty-sixth section, that “ petitions for rehearing shall be signed by counsel, and preferred within thirty days after the making of the order on the hearing; and the prayer of such petition shall bo allowed or dis.allowed, at the discretion of'any two of the judges of the court of common pleas, or one of the judges of the Supreme Court, who •made the order on the hearing of the case.”
The judge in vacation allowing the petition for rehearing, and the'district court, on acting on that allowance, have evidently proceeded on the assumption that the proceeding lately pending before them was embraced within the provisions of the statute referred to, and that 'the same were still in force, applicable to the ■proceeding, and not superseded by the code of civil procedure.
But whether this proceeding under the statute to contest the validity of a will was ever so far a “ proceeding in chancery” as to ■carry with it, as an incident, the right to file a petition for rehearing under the fifty-sixth section of the act of 1831, is a question which, though urged by counsel, we do not, in the view we take of the case, deem it necessary either to discuss or to determine; for '225] we are ^satisfied that the old remedy by petition for rehearing, if it ever existed in a proceeding to contest the validity of a will, has been superseded by the provisions of the code.
Section 602 of the code provides that “ the provisions, of this •code do not apply to proceedings in* actions or suits pending when dt takes effect. They shall be conducted to final judgment or decree in all respects as if it had not been adopted; but the pro *226 visions of this code shall apply, after a judgment, order, or decree-heretofore or hereafter rendered, to the proceedings to enforce, vacate, modify, or reverse it, except as provided in section five-hundred and thirty-three.” And that section is as follows : “ The final order or decrees of courts of chancery heretofore rendered, or which may hereafter be rendered in any chancery proceeding-pending when this code takes effect, may be reviewed in the same-manner and within the same time as if this code had not taken effect ; and all suits in chancery pending at that time may be prosecuted to final decree in like manner.” The decrees of courts of chancery may he reviewed in like manner, etc. This is technical phraseology, borrowed from pre-existing usages and laws, and when used in reference to tho'se laws and usages, had a meaning-fixed and ascertained.- The rehearing of a case in chancery, and the review of a decree in chancery, were not identical, but distinct, remedies ; and the latter was always, in its technical sense, understood to mean a remedy by bill of review. And, in accordance with a familiar and well-settled canon of construction, we so understand and hold its meaning to be in this section of the code. The provisions of the code, then, do apply, after decree, to proceedings to. vacate, modify, or reverse it, excepting and saving only the old remedy by bill of review.
It may, perhaps, be contended that the provisions of section 604 of the code provide for other exceptions ; but *that position [226 is negatived by the holding Of this court in Collier’s case, and in Hobbs v. Beckwith, at the present term. The proceedings mentioned in that section- are excepted from the operation of the code-while pending ; that is, up to final order, judgment, or decree,’but not as to proceedings to vacate, modify, or reverse them.
In this case there was a verdict; motion for new trial made,, heard, and overruled; and final decree in pursuance of the verdict. And all proceedings to vacate, modify, or reverse that decree, must be had under, and be governed by, the code, of civil procedure.
What, then, were the remedies afforded by the code, and how far have they been pursued by the defendants in error ? They were, first, the ordinary remedy under the code, by petition in error ; and second, the remedy by petition, provided for in section 534 of the code. That section provides that “ a court of common pleas, or district court, shall have power to vacate or modify its own judgments or orders, after the term at which such judgment or order *227 "was made: 1. By granting a new trial for the cause, within the time and in the manner prescribed in section three hundred and •one,” and so on.
Now, turning to section throe hundred and one, we find it to be -as follows: “ Where the grounds for a new trial could not, with reasonable diligence, have been discovered before, but are discovered after the term at which the verdict, report of referee, or decision was rendered or made, the application maybe made by petition filed, as in other cases, not later than the second term after the discovery; on which a summons shall issue, be returnable and served, or publication made, as prescribed in section seventy-two. The facts stated in the petition shall be considered as denied without answer ; and if the service shall be complete in vacation, the 227] case *shall be heard and summarily decided at the ensuing term, and if in term, it shall be heard and decided after the expi ration of twenty days from such service. The case shall be'placed on the trial-docket, and the witnesses shall he examined in open court, or their depositions.taken, as in other cases ; but no such petition shall be filed more than one year after the final judgment was rendered.”
This, then, is the remedy which the code afforded to the defendants in error. Have they pursued it? If we look to the substance of things, regardless of mere names, we think they have. The • calling their petition a petition for rehearing, instead of a petition for a new trial, certainly can not vitiate it; and the fact that a judge in vacation indorsed on the paper his leave to place on file a petition which they might have filed as a matter of right, surely ought not to operate to the prejudice of the petitioners. The petition was filed within the time prescribed by the code; process issued, and was served and returned; the petition contains substantially the averments necessary to a good petition for a new trial; and any formal defects in their petition, of which the defendants in •error may bé advised, may, on application to the court where it is pending, and on proper terms, be cured by amendment.
But, while the party did unwittingly adopt and pursue the remedy to which he was by law entitled, the court was, we think, less fortunate in its proceedings. In hearing no testimony, finding no fact, and holding that the allowance of the judge alone operated ■of itself to set aside the verdict, and thereupon ordering a new •trial, the court erred.
*228 Only one question remains. Does a petition in error lie to reverse this erroneous ruling, and order of the court? We are of «¡union it does — that order coming, as we think, fairly within the ■definition of a final order, as given in section 512 of the code. It is “ an order affecting a substantial *right . . . upon a [228 nummary application in an action after judgment.”
All the rulings and orders of the district court, made after the ■decree in the case, will, therefore, be reversed; and the petition of the defendants in error for a new trial pending there, subject to ■such amendments as they may be advised are necessary and proper, and as the district court, on proper terms, may allow, will stand •for trial and determination, on testimony to be adduced by the parties respectively.
Orders of the district court, subsequent to decree, reversed, and writ ■of procedendo awarded.
Bartley, C. J., and Swan, Bowen, and Scott, JJ., concurred.